## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>GALIA LAHAV NEW YORK INC. and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1:24-cv-7834<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Tamara Wareka p/k/a Tamara Williams, by and through her undersigned counsel, brings this Complaint against Defendant Galia Lahav New York Inc. and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

## PARTIES

2. Plaintiff Tamara Williams ("Williams") is an individual and professional photographer residing in Germany.

3. Upon information and belief, Galia Lahav New York Inc. ("Galia Lahav") is corporation organized and existing under the laws of the state of New York with its principal place of business at 155 Wooster Street, New York, New York 10012.

4. The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences

herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This court has personal jurisdiction over Defendant because, as alleged herein, Defendant has a physical presence in the state of New York and/or it transacts business in the state of New York and within this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendant or its agent resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram Page @tamarawilliams, which has amassed over 630,000 followers.

10. Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire,*

*Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11. Williams licenses her work for a fee.

12. Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work is intended to deter would-be infringers from copying and profiting from her work without permission.

13. Plaintiff Williams is the sole author and exclusive rights holder to a photograph of the facial portraiture of a female model ("Williams Photograph").

14. Attached hereto as Exhibit A is a true and correct copy of the Williams Photograph.

15. The Williams Photograph is registered with the United States Copyright Office with the file name AU11424017 under Registration No. VA 2-178-320 and an Effective Date of Registration of November 5, 2019.

16. Attached hereto as Exhibit B is a true and correct copy of Registration Number VA 2-178-320 showing file name AU11424017.

### *Defendant Galia Lahav*

17. Upon information and belief, Defendant Galia Lahav is a company that sells haute couture bridal and evening wear.

18. Upon information and belief, and at all relevant times, Defendant Galia Lahav controlled and managed the website for Galia Lahav which can be found at https://www.galialahav.com/ ("Galia Lahav Website").

19. Upon information and belief, Galia Lahav generate content on the Galia Lahav Website to attract user traffic; market and promote its services; and increase its customer base and revenue for the company.

20. At all relevant times, the Galia Lahav Website was readily accessible to the general public throughout New York, the United States, and the world.

21. At all relevant times, Defendant Galia Lahav had the ability to supervise and control all content on the Galia Lahav Website.

22. At all relevant times, Defendant Galia Lahav had a direct financial interest in the content and activities of the Galia Lahav Website (including the activities alleged in this Complaint).

### *Defendants Galia Lahav's Willful, Unauthorized Use of the Williams Photograph on the Galia Lahav Website*

23. On or about February 2, 2024, Williams discovered the Williams Photograph being used by Galia Lahav on the Galia Lahav Website in a blog discussing beauty looks to take inspiration from on New Years' Eve. ("Galia Lahav Website Blog").

24. Attached hereto as Exhibit C is a true and correct screenshot of the Williams Photograph as used on the Galia Lahav Website.

25. Williams did not grant Defendant Galia Lahav a license, permission, or authorization to use, make a copy of, or publicly display the Williams Photograph on the Galia Lahav Website.

26. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Williams Photograph and caused the Williams Photograph to be uploaded to and displayed on the Galia Lahav Website.

/ / /

/ / /

/ / /

/ / /

/ / /

27. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Williams's original and unique Williams Photograph for commercial purposes and to act as a draw to the Galia Lahav Website in order to acquire a direct financial benefit, through revenue from the sales of Galia Lahav's goods, from the use of the Williams Photograph.

28. Williams is informed and believes that the purpose of the use of the Williams Photograph on the Galia Lahav Website was to couple high-quality and aesthetically pleasing visual content with the textual content to enhance the overall visual presentation of the Galia Lahav Website to a level that would meet Galia Lahav's marketing goals and to a level that would entice users to purchase goods from Galia Lahav.

29. Williams is informed and believes that the purpose of the use of the Williams Photograph in the Galia Lahav Website Blog was to couple a high-quality and aesthetically pleasing photograph with the textual content to enhance the overall visual presentation of the marketing content presented in the Galia Lahav Website Blog.

30. Upon information and belief, Defendant's use of the Williams Photographs is willful because *inter alia,* Defendants knew, or should have known, they did not have permission or a legitimate license to use the Williams Photograph on the Galia Lahav Website.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101,** *et seq.*

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Plaintiff owns a valid copyright in the Williams Photograph.

33. Plaintiff registered the Williams Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

34. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Williams Photograph and displayed Plaintiff's unique and original Williams Photograph without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

35. Defendants willfully infringed upon Plaintiff's rights in Plaintiff's copyrighted Williams Photograph in violation of Title 17 of the U.S. Code.

36. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

37. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), or at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 504(c).

38. As a result of Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

39. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of the copyright in Williams Photograph pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

40. Plaintiff, Tamara Williams, hereby demands a trial by jury in the above-captioned matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Williams Photograph by copying and displaying it without a license or consent;

- For a finding that Defendant's conduct was willful;
- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;
- For an injunction preventing Defendant from further infringement of all of Plaintiff's copyrighted works pursuant to 17 U.S.C. § 502;
- For pre-judgment and post-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: October 15, 2024                     Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Murray, Esq.
EDNY#5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*